**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Kierstein Nelson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   17 C 2884 |
| | ) | |
| Hunter Warfield, Inc., a Maryland | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Kierstein Nelson, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Kierstein Nelson ("Nelson"), is a resident of the State of Florida,

from whom Defendant attempted to collect a delinquent consumer debt owed for an

apartment, despite the fact that she had exercised her right to be represented by the

legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt

program ("LACD"), located in Chicago, Illinois.

4.      Defendant, Hunter Warfield, Inc. ("Hunter"), is a Maryland corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Hunter operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Hunter was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Hunter is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, records from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant Hunter conducts extensive and substantial business in Illinois.

6.      Defendant Hunter is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant Hunter acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7.      Ms. Nelson fell behind on paying her bills, including a debt she owed for an apartment.  Defendant Hunter thereafter began trying to collect this debt from Ms. Nelson by sending her collection letters dated October 5, 2016 and January 25, 2017. This caused Ms. Nelson to seek the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendant's collection actions.  Copies of the October 5, 2016 and January 25, 2017 collection letters are attached as Group Exhibit C.

8.      Accordingly, via a letter, dated February 21, 2017, one of Ms. Nelson's attorneys at LACD informed Defendant, in writing, that Ms. Nelson was represented by counsel, and directed Hunter to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Nelson was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.  Moreover, that same day, one of her attorneys' paralegals, called Defendant and confirmed their representation to Defendant's debt collector, "Will Porter".

9.      Nonetheless, Defendant communicated directly with Ms. Nelson, via letters dated February 22, 2017, March 2, 2017 and March 25, 2017, regarding payment of the apartment debt.  Copies of these collection letters are attached as Group Exhibit E.

10.      Moreover, Defendant repeatedly called Ms. Nelson, including, but not limited to, telephone calls on April, 4, 5, 7, 10 and 11, 2017, from phone number 813-283-4680, regarding payment of the apartment debt,

11.      Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to demand the collection communications made directly to her cease and, instead, be directed towards her attorneys, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

12.       Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the

consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

13.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications**

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Ms. Nelson's attorney/agent, LACD, told Defendant to cease communications with Ms. Nelson (Exhibit D). By continuing to communicate via letters and telephone calls regarding the debt and demanding payment from Ms. Nelson (Group Exhibit E), Defendant Hunter violated § 1692c(c) of the FDCPA.

18.     Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendant Hunter knew that Ms. Nelson was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant Hunter, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant to cease directly communicating with her.  By directly sending Ms. Nelson collection letters (Group Exhibit E) and by repeatedly calling her, despite being advised that she was represented by counsel, Defendant Hunter violated § 1692c(a)(2) of the FDCPA.

22.     Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

**PRAYER FOR RELIEF**

Plaintiff, Kierstein Nelson, prays that this Court:

1.     Find that Defendant Hunter's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Ms. Nelson and against Defendant Hunter, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

5

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kierstein Nelson, demands trial by jury.

Kierstein Nelson,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  April 17, 2017

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com